**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 0 3 2014

**MATTHEW J. DYKMAN**
CLERK

THE OLISA FOUNDATION
2521 N. MAIN STREET UNIT 1-206
LAS CRUCES, NEW MEXICO 88001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

THE OLISA FOUNDATION,   Plaintiff

V.

PURDUE UNIVERSITY,   Defendant

CASE NO. 14CV 795 WPL/CEG

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983

## A. JURISDICTION

1) THE OLISA FOUNDATION, is incorporated as a non profit United States corporation in the State of Texas. The foundation conducts its business activities at 2521 N. Main Street Unit 1-206, Las Cruces, New Mexico Zip Code 88001.

2) PURDUE UNIVERSITY is an arm of the United States of America, State of Indiana. Office of the President is located at 201 S. University Street West Lafayette Indiana Zip Code 47907.. At the time of the claims alleged arose, was this defendant acting under color of state law?
[xx] Yes    [ ] No

3) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 1983.

## B. NATURE OF CASE

1) <u>Background of Case</u>: This case is about infringements to plaintiffs patent and copyrights by the defendant. The plaintiff is a pharmaceutical trust with goals to reduce economic burden from cancer and AIDS globally. To achieve these goals, plaintiff develops and markets Braunmycin® an organic adjuvant. With respect to research and development, Braunmycin® cost about $ 10,000,000 through 14 years of self-financing. Plaintiff operates as a charitable trust by subsidizing price of Braunmycin® ($100,000) below fair market value (between $2 and $25,000).

Defendant allegedly conducts non-academic, for profit, research practices that infringes on plaintiffs patent and copyrights. In October 2008, plaintiff issued a "cease and desist" letter to defendant with option to license rights. Ever since, defendant has allegedly continued to violate plaintiffs rights. Consequently, since defendant receives, or has received federal research grants from the following: National Science Foundation (NSF), National Institutes of Health (NIH), and other federal grantors, plaintiff proceeded to reported the matter to ethics board of NIH, NSF, Federal Bureau of Investigations (FBI), and Federal Trade Commission (FTC) for further investigation. Outcomes from these investigations are pending. In October, 2013, plaintiff wrote defendant a "letter before action."

Here, plaintiff is seeking compensation from defendant for willful and intentional patent and willful and unintentional copyrights infringement. Plaintiff will present evidence to this court that shows defendant profits monetarily and by fame by infringing and enabling other individuals and institutions to infringe plaintiffs intellectual property rights. Consequently, unlicensed use of plaintiffs pharmaceutical technologies regardless of users sample source, initial intent, or goal can ably assist entities or individuals-eventually- to gain intended, or unintended understanding of scientific methodology, and or composition which can further promote and enable unfair activities that advance production of competing products that diminish plaintiffs credibility, and revenues for charity work.

2) <u>Background description of Patent infringement</u>: Patent claims allegedly violated here is part of the first US patent issued in the area of computational proteomics for a utility, Braunmycin® comprising -Cys, and other amino acid compositions along with method for analyzing -Cys compositions in DNA producing cells. <u>Key to this technology is use of MALDI instruments. NOTE:- plaintiff has no claims to patents for MALDI instrumentation</u>.

Proteomic experts do not disputed this claim which is verifiable by searching US Patent and Trademark Office database using keyword "computational proteomics." Since All DNA producing cells in plants, humans, and microbes manufacture amino acids like –Cys, willful, intentional, or unintentional use of all, or portions of computational proteomic protocols developed on or before April 23, 2003 to analyze –Cys compositions of amino acids in human, plant or microbial samples will infringe plaintiffs rights. Braunmycin® has been classified in the following US and International Classifications:

UNITED SATATES $\underline{514/1.1}^a$, $\underline{530/327}^b$, $\underline{436/89}^c$, $\underline{530/326}^d$, $\underline{530/324}^e$, $\underline{530/325}^f$, $\underline{514/5.4}^g$, $\underline{514/2.6}^h$

a= peptide organic bio-active drug with bio-affecting properties; b=comprising 11-14 amino acid sequences; c=analytical and immunological methodology; d=15-23 amino acids in defined sequence; e=Natural resins or derivatives; f=Peptides and proteins; g=Iron Affecting; h=Streptococcus pneumonia.

INTERNATIONAL: $\underline{C07K14/005}^i$, $\underline{A61K38/41}^j$, $\underline{C07K14/02}^k$, $\underline{C07K14/195}^l$, $\underline{C07K14/315}^m$, $\underline{A61K38/42}^n$

i=viruses; j=Porphyrin- or corrin-ring-containing peptides; k=Hepatitis B Virus; l=other bacteria; m=streptococcus; n=Haemoglobins; Myoglobins

3) <u>Background description of Copyright infringement</u> Scientists affiliated with defendant published scientific articles in major peer reviewed journals without citing or crediting discoveries published by employees of plaintiff by the American Journal of Biological Defense, and in the process plagiarizing plaintiffs material.

-2-

# C. CAUSATION OF ACTION

### Legend

B=attached correspondence from Stuart & Branigin to Olisa Foundation DBA BAC Pharmaceuticals dated 10/1/ 2008  In reference to (C).

C=BAC "cease and desist" invoice 1084 dated 9/15/2008 in reference to (N).

D= attached correspondence: Stuart Branigin to Olisa Foundation dated 12/11/ 2013 In reference to (O). and (P).

E=financial statement no. 309416 dated 10/14/2013 in reference to (M), (O), and (P).

F=Federal Trade Commission (FTC) IC3 Complaint No.: I08111111623400592 in reference to (N), dated 11/11/2008.

G [1-3] =Olisa Foundation IRS Tax Returns for FY 13 in reference to (P.)

H [1-12] =Braunmycin: United States Patent, 7,244,702 B2   in reference to (P.)

I [1-2] =United States Copyright Reg. No. TXu 1-100-385.  In reference to (P, )

Also see BiologicalAgents Index [ISBN 978-0-9815543-4-1] pp. 116-120.

J= The Wall Street Journal: Biotech Battle a Patent Holders Lonely War, January 26, 2009 I reference to (P.)

K[1-2] =The Shvoong: Nigerian Scams are getting into patents and academia, online blog February 3, 2009 in reference to (P.)

L[1-14] = Association of Bimolecular Resource Facilities (ABRF) Online Thread: Wed, 29 Oct 2008 09:25:45 -0400 in reference to (P.)

M=Biotecnol Prog 2010 Sep-Oct 26(5): 1332-43 doi: 10.1002/btpr.439. In reference to (P)

> TITLED: Invitro folding of methionine-arginie human lyspro-proinsulin S-sulfonate-disulfide formation pathways and factors controlling yield
>
> AUTHORED BY: M= Chen S, Adianto L, Wang NH
>
> AFFILIATION: School of Chemical Engineering, Perdue University

N [1-4] = 9/12/2008: Online pricing for MALDI protein analysis services advertised by defendant to public

O[1-28] = 9/24/2013: Direct solicitation to OLISA, by defendant to use its National Science Foundation (NSF) funded facility at Purdue-for a fee, for contract manufacturing purposes.

P[1-7] = Letter before Action to defendant from Plaintiff dated October 05, 2013.

Q[1-2] = Form 54668. State of Indiana Notice for Tort Claim with list of state criteria for immunity of government entity or employee.

### Exhibits:

I. Direct evidence of  COPYRIGHTS infringements:  M

II. Circumstantial evidence for  COPYRIGHTS infringements: B & D

III. Direct evidence of PATENTS infringements :  N, and O

IV. Circumstantial evidence for  PATENTS infringements: B & D

(1) I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis of my allegations:

### A(1) Count I  Code 17:0101. Description 17101. US Copyright Infringement

I. First, in reference to M, in B and D, defendant claims federal law does not permit (protects) an action for damages against defendant for alleged copyright infringement in this case– quote: since "Purdue University is an arm of the Indiana State Government" in effect–because defendant is a State Government owned non-profit institution. Further, defendant states that US law protects Purdue University from copyright uses associated with "non-profit educational purposes."

II. Second, defendant suggests that regardless if violations occurred, a statute of limitation for copyright in this case has expired,

A (2) Supporting Facts:

I. Per I, pages 116-126, clearly, authors of M committed plagiarism by failing to cite an inventor affiliated with plaintiff for his pioneering technique for Cys-analysis with MALDI.

II. Second. Per Q, contrary to defendants claims, the state of Indiana, for the purpose of tort claim notices–does not list academic plagiarism– as reason for impunity, or legal immunity as suggested by Plaintiff in B & D.

III. Third . Per N and O, defendants claims that alleged violations were made in conjunction with "non profit academic uses" appears to be untrue. The fact in P and O show uses of Cys analysis technology cited in P were profit driven. Alleged violations were committed by a for-profit Purdue University affiliated company called Purdue Enterprises LLC which uses the Engineering Research Center for profit making consultancy and pharmaceutical manufacturing ventures involving fortune 5 hundred companies and small businesses (see O pages 1-2 AND O pages 3-28).

IV. Finally, per P, contrary to claims by the defendant, end of three-year statute of limitation for copyright infringement is not applicable here. Per M, violation occurred 10/26/2010. A certified "Letter before Action" dated 09/05/2013 (see P) was communicated to defendant prior to end of 3 year statutes of limitation and by so doing establishing a justifiable legal commence date.

B(1) Count II **Code 15:1126 . Description 15: 1126 US Patent Infringement**

Per D, defendant claims Purdue Universities use of Cys protein analysis in H is prior art.

I. Per B and D, defendant suggests that Eleventh Amendment Immunity under Federal laws allows defendant to legally infringe patent claims in H with impunity as long as "other elements" of the claim are not violated..

B(2) Supporting Facts:

I. Per B and D, defendant does not deny infringing plaintiffs patent protected Cys MALDI analysis .
II. Second. Per M & N defendant specifically infringed claim 2(g), in H and quote: "Determining the amino acid sequence of the peptide fragment (f)[1] using Matrix-Assisted Laser Desorption Ionization Time-Of-Flight Mass Spectrometry and Matrix-Assisted Laser Desorption Ionization Collision-induced Dissociation Mass Spectrometry.
III. Third. Defendant suggests claim H is prior art without providing any legal proof like citation to a prior patent or copyrighted protected investigation listing use of MALDI in Cys analysis that predated US patents or US copyright in H and I.
IV. Finally. Collectively, these facts beg the question whether plaintiff motives are one of justice or arrogance and greed.

---

Footnotes:

[1] See H. Step (f): Selecting a peptide fragment from Step (e) that contains cysteine.

# D) PREVIOUS LAWSUITS AND ADMINISTRATIVE RELLIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

   Yes ☐   No ☒

2) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C.

   Yes ☐   No ☒

## E) REQUEST FOR RELIEF

1) As appointed Trustee, I N. Robert Olisa, III, that The Olisa foundation is entitled to the following relief based on damages accrued since April 2003: Per C and E damages totaling $ (USD) 255,000.00 for original licensing fee charged by plaintiff in C, plus $ 25.000 in legal fees as tort is requested. Plaintiff also asks this court to consider awarding additional financial compensation for punitive damages for "willful" infringement since tortious act has caused plaintiff the following:

A. <u>Substantial economic injuries</u> directly from copyrights infringements[1]
B. <u>Substantial economic injuries</u> directly from patents infringements[2]

Description of economic damages include:

I. lost profit damages due to lost sales (see appendix II in P)
II. price erosion[1]
III. future lost profits[1]

C. <u>Substantial reputational injuries</u> from copyright infringements[3]
D. <u>Substantial reputational injuries</u> from patents infringements[3]

Description of reputational injuries include

I. Damage to reputation and goodwill[4] among professional business and academic peers, in addition to public market place participants and future patrons of products and services produced and supplied by plaintiff.

---

Footnotes:

[1] See M, H. See G and appendix II in P in Section C– Causation of Action.
[2] See N, O, G and appendix II in P in Section C– Causation of Action.
[3] See J,K,I, G and appendix II in P in Section C– Causation of Action.
[4] See K and L in Section C– Causation of Action.

Petitioner __**Incorporated Trust of Olisa Foundation**__

Name of Trustee __**N. Robert Olisa, III** **MPA, MS [ASCP], RM [NRCM]**__

Signature of Trustee (Pro Se Petitioner)

2521 N. Main Street Unit 1-206
Las Cruces, NM 88001
Phone: (915) 208 4431
Full address and telephone number

-6-

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Sec. 1746. 18 U.S.C. Sec. 1621.

Executed by N. Robert Olisa, III, Chairman Board of Trustee, for the Olisa Foundation at Las Cruces, New Mexico on September 05, 2014

Signature _____