IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLISA FOUNDATION,

    Plaintiff,

v.    CV 14-795 WPL/CG

PURDUE UNIVERSITY,

    Defendant.

**ORDER**

This matter is before me upon a flurry of motions by both parties. On September 22, 2014, I entered an order requiring the Olisa Foundation to obtain counsel authorized to practice before this Court by October 22, 2014. (Doc. 12.) On September 25, 2014, N. Robert Olisa, III ("Olisa") filed a combined pro se motion on behalf of the Olisa Foundation ("the Foundation") for an entry of default against the Trustees of Purdue University ("the Trustees"), for leave to proceed pro se, and for summary judgment. (Doc. 13.) On September 27, 2014, the Trustees filed a motion to dismiss or strike the Foundation's complaint. (Docs. 14-15.) The Foundation responded, pro se, to the motion to dismiss or strike on September 29, 2014. (Doc. 17.) Finally, on September 30, 2014, the Trustees filed a motion to stay the case, or in the alternative, for relief under FED. R. CIV. P. 55(a) and 56(d). (Doc. 16.)

In its motion to proceed pro se, the Foundation requests leave for Olisa to continue representing it. The Foundation argues that there is "unanimity" between Olisa as trustee and the Foundation and that the Foundation is merely "an incorporated Trust established to hold property." The Foundation asks the Court for permission to move for summary judgment "based

on the current facts submitted in the complaint" pro se due to economic duress. Despite its request to continue pro se, the Foundation also states that it will comply with the order to obtain counsel as soon as possible. Later, in its response to the motion to dismiss or strike, the Foundation argues that Rule 2-107 of the New Mexico Rules of Civil Procedure for the Magistrate Courts supersedes the District of New Mexico's Local Rules and allows for an individual to appear pro se on behalf of a corporate trust.

I decline to permit Olisa to represent the Foundation pro se. As discussed in my order requiring counsel, "A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court." D.N.M.LR-Civ. 83.7; *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citations omitted). The Foundation filed its complaint in federal district court, not in a New Mexico Magistrate Court, so it is the District of New Mexico Local Rules that apply to this case rather than the New Mexico Rules of Civil Procedure for the Magistrate Courts.

With regard to the Foundation's suggestion that a non-attorney trustee may be able to represent a trust, law within the Tenth Circuit states otherwise. The District of Colorado, which has a local rule similar to that of the District of New Mexico, found that "a trust cannot appear without counsel admitted to practice before this court." *Pembina Nation Little Shell Band of N. Am. v. Wells Fargo Bank N.A.*, No. 12-CV-02058-LTB, 2012 WL 4795686, at *1 (D. Colo. Oct. 9, 2012) (unpublished) (quotation omitted) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987) ("He may not claim that his status as trustee includes the right

to present arguments *pro se* in federal court."); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994) ("A non-lawyer, such as these purported [*pro se* trustees], has no right to represent another entity, *i.e.,* a trust, in a court of the United States.")). The District of Utah cited to the same Eighth and Ninth Circuit cases for the proposition that a trustee may not represent a trust pro se. *United States v. Cram*, No. 2:97-CV-502 K, 1998 WL 919871, at *5-7 (D. Utah Dec. 3, 1998) (unpublished).

The court in *Cram* considered an exception to this rule such that a trustee could represent the relevant trust when the trustee is the real party in interest or the sole beneficiary of the trust. *Cram*, 1998 WL 919871, at *5. The court discussed *C.E. Pope*, stating that in that case, "the trustee was not the real party in interest and could not be viewed as a 'party' conducting his 'own case personally.'" *Id.* (citing *C.E. Pope*, 818 F.2d 696). "Additionally, the plaintiff did not offer any evidence that suggested that he was the beneficiary of the trust and therefore the court could not find that he was the real party in interest." *Id.* (citing *C.E. Pope*, 818 F.2d 696). Similarly, in *Tradewinds Hotel, Inc. v. Cochran*, the court stated that "[t]he general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest. . . . It [i]s incumbent on him to show that he [i]s the sole beneficiary of the trust . . . ." 799 P.2d 60, 66 (Haw. Ct. App. 1990).

The instant case involves what the complaint characterizes as a "pharmaceutical trust" or "charitable trust" with "goals to reduce [the] economic burden from cancer and AIDS globally" by "subsidizing [the] price of Braunmycin® ($100,000) below fair market value (between $2 and $25,000)." (Doc. 1 at 1.) The Foundation alleges that the "unlicensed use of plaintiff[']s pharmaceutical technologies . . . advance[s] production of competing products that diminish plaintiff[']s credibility, and revenues for charity work." (*Id.* at 2.) As a charitable trust with the

stated purpose, it appears that the trust's beneficiaries are those with cancer or AIDS who receive subsidized Braunmycin through the trust. As such, Olisa is not the sole beneficiary of the trust or real party in interest and cannot represent the trust pro se. Therefore, the Foundation must secure the services of an attorney authorized to practice before this Court. **If no attorney enters an appearance on behalf of the Foundation by October 22, 2014, the case will be dismissed without prejudice.**

The Trustees have moved to stay all proceedings in this case pending the appearance of counsel on behalf of the Foundation. (Doc. 16.) They argue that a stay will promote judicial economy by sparing both the Court and the Trustees from the burden of addressing the Foundation's pro se filings.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Whether to grant a stay is typically within the discretion of the district court. *Id.*

I find that the Trustees' motion is well taken, and I grant the motion to stay in the interests of judicial economy. **Therefore, all proceedings in this case are stayed pending the appearance of counsel authorized to practice before this Court or through October 22, 2014, whichever is earlier.**

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.